UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCHAFER GROUP, LTD.                                      CIVIL ACTION

VERSUS                                                   NO. 09-7675

DEPARTMENT OF TREASURY,                                  SECTION: "C" (2)
INTERNAL REVENUE SERVICE, et al.

## ORDER

Before the Court is Motion of the United States for Summary Judgment filed by Defendant the United States of America. (Rec. Doc. 37). Having reviewed the record, memoranda of counsel, and the law, the Court GRANTS the Motion for the following reasons.

## I. BACKGROUND

In this interpleader case, the United States and Louisiana Department of Environmental Quality ("LDEQ") claim funds held by Plaintiff Schafer Group, Ltd. ("Schafer"), the court-appointed liquidator of Falstaff, LLC ("LLC"). Roger T. Boes was a member of the LLC. The funds derive from the liquidation of the assets of a building, the Falstaff Brewery, which Boes worked to renovate. The liquidation proceeds were the subject of conflicting claims, including a claim by Boes, in the consolidated proceeding of *Boes Corp., Inc. v. Hamm*, Civil Case No. 1999-13720 and *Hamm v. Boes*, Civil Case No. 1999-16663 in the Orleans Parish Civil District Court. (Rec. Doc. 37-7). Boes received his share of the liquidation proceeds pursuant to a judgment on July 2, 2009. (Rec. Doc. 37-7; Rec. Doc. 37-10 at 27).

LDEQ's claim arises from a $135,000 penalty assessment that LDEQ issued in April 1999 after it determined that Boes had violated Louisiana asbestos abatement regulations while he was renovating the Falstaff building. (Rec. Doc. 37-10 at 8). In April 2000, LDEQ obtained a judgment for the penalty against Boes in East Baton Rouge Parish. (Rec. Doc. 37-1). That judgment was

1

made executory in Jefferson Parish and Orleans Parish, when LDEQ obtained judgments in both parishes in February 2001. (Rec. Docs. 37-2, 37-3). The February 2001 judgments in Jefferson and Orleans Parishes were recorded with the mortgage records in each parish. (Rec. Docs. 62-4, 62-5).

On May 13, 2009, after Falstaff had been liquidated, but approximately six weeks before Boes was allocated his share of the liquidation proceeds, LDEQ requested that the Orleans Parish Civil District Court issue a writ of fieri facias pursuant to La. C.C.P. art. 2291 to obtain execution of the judgment it had obtained in that court in February 2001. (Rec. Doc. 37-8). On June 24, 2009, LDEQ sent a second letter attaching supplemental documents required for the issuance of a writ of fieri facias which LDEQ had neglected to attach to the first letter. (Rec. Doc. 37-10 at 15-17). Leigh Gauthreaux, Environmental Scientist Manager in the Air Enforcement Division who is familiar with the LDEQ's records on the Boes matter, testified in his deposition that a writ was issued as a result. (Rec. Doc. 37-10 at 15). However, LDEQ's lawyer, Allen Kirkpatrick, who was present during the deposition but did not testify, stated that LDEQ did not have a copy of the writ. (Rec. Doc. 37-10 at 27). Furthermore, Gauthreaux testified that besides the above-identified documents, there was nothing else in the LDEQ database regarding LDEQ's efforts to collect on its judgments. (Rec. Doc. 37-10 at 22). Relatedly, according to Gauthreaux, if LDEQ had given notice of seizure of Boes's cause of action in *Boes Corp., Inc. v. Hamm*i, LDEQ would have a record of such notice. LDEQ does not have such a record. (Rec. Doc. 37-10 at 29).

The United States' claim arises from Boes's federal income tax liabilities. The Internal Revenue Service ("IRS") filed three notices of federal tax liens on Boes's taxes between 2004 and 2008 in Jefferson Parish, where Boes resided. A notice was filed on March 15, 2004, on Boes's unpaid 1996 income taxes. (Rec. Doc. 37-4). A second notice was filed on August 20, 2004, on the

same unpaid 1996 taxes. (Rec. Doc. 37-5). A third notice was filed on March 27, 2008, on the same unpaid 1996 taxes and tax liabilities from 2001, 2002, and 2003. (Rec. Doc. 37-6).

## II. LAW & ANALYSIS

Summary judgment is proper only when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1996). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994).

The parties do not dispute the facts of this case. (Rec. Doc. 37-12 at 1, Rec. Doc. 62 at 4). Furthermore, the parties do not dispute that LDEQ is a judgment lien creditor and that its claim derives from the penalty assessment against Boes for air quality contamination. (Rec. Doc. 37-12

at 4; Rec. Doc. 62 at 5). The issue is whether the United States' claim takes priority over LDEQ's claim.

The parties agree that the United States' claim arises from a federal tax lien, and that 26 U.S.C. § 6323, the federal statute governing lien priority disputes involving federal tax liens, applies here. That statute states, in pertinent part: "The [tax lien] shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a). Thus, the tax lien is subordinate to the types of claims enumerated in § 6323(a) until the notice is filed. *See, e.g., United States v. McDermott*, 507 U.S. 447, 449 (1993). A judgment lien creditor is

> a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. . . . If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.

Treas. Reg. § 301.6323(h)-1(g) (emphasis added).

The Court concludes that LDEQ is not a judgment lien creditor whose claim takes priority over the United States claim, whether Boes's interest is characterized as one in the LLC, that is, "personal property," or as one in the proceeds of the LLC's liquidation, that is, "a certain sum of money." Treas. Reg. § 301.6323(h)-1(g). A federal tax lien attaches to all of a delinquent taxpayer's interests. 26 U.S.C. § 6321. Therefore, the United States federal tax liens filed on March 15, 2004, August 20, 2004, and March 27, 2008 in Jefferson Parish attached to Boes's interest in the LLC. The United States' claim to the disputed funds became superior to the claims of all four

4

groups protected by 26 U.S.C. § 6323(a), including judgment lien creditors, when it filed the first notice of lien on March 15, 2004. (Rec. Doc. 37-4). The proper place of filing a federal tax lien in order for the tax lien to attach to movable property is in the county or parish in which the taxpayer resides. 26 U.S.C. §§ 6323(f)(1)(A)(ii) and 6323(f)(2)(B). The parties agree that Boes lived in Jefferson Parish, where all three tax liens were filed. (Rec. Docs. 37-4, 37-5, 37-6). Accordingly, they had been perfected, and thus took priority over any later purchasers, holders of a security interest, mechanic's lienors, or judgment lien creditors.

LDEQ's claim does not take priority over the United States' claim if Boes's interest is characterized as one in the LLC. Boes's interest in the LLC was movable property, not immovable. Under Louisiana law, a judgment creditor must seize movable property in order to obtains a lien over it: "[A] seizing creditor, by the mere act of seizure, acquired a privilege on the property seized, which entitled him to a preference over ordinary creditors." La. C.C.P. art. 2292. LDEQ did not obtain rights in Boes's interest in the LLC by obtaining judgments and recording them with the mortgage records in each parish. A creditor obtains a lien, or a privilege, against other creditors, through seizure, and not through obtaining and recording a judgment. *See In re Stansbury*, 97 F. Supp. 250, 252 (W.D. La. 1951) (holding that creditor obtained privilege because executed on its judgment by seizing movable). There is no evidence that LDEQ attempted to obtain a writ of execution by issuing a request of fieri facias or other process for seizure before May 13, 2009. Thus, the earliest a the Civil District Court of Orleans Parish could have issued a writ of fieri facias in response to LDEQ's request would have been well after the United States' tax liens were perfected.

Nor does LDEQ's claim prime the United States' claim if Boes's interest is characterized as one in the liquidation proceeds. The parties do not dispute that the proceeds were acquired after the tax liens were filed and that the proceeds are therefore "after-acquired property." LDEQ argues

5

that it had no mechanism for seizing Boes's property before a final judgment was rendered in the lawsuit resolving all claims to the liquidation proceeds. The Court disagrees. In Louisiana, a creditor may acquire a privilege over its debtor's interest in a lawsuit if he serves a notice of seizure on the parties in the lawsuit: "The seizing creditor shall have a notice of seizure served upon the parties to the suit, and the effect thereof shall be to give such seizing creditor a lien or preference on whatever is realized by his debtor out of the suit. . . ." LSA-R.S. 13:3865. Here, Boes was a party to the Civil District Court of Orleans Parish lawsuit. There is no evidence that LDEQ even attempted to have the state court issue a writ of fieri facias on the parties to the lawsuit until May 13, 2009, when the lawsuit had already commenced. Furthermore, as stated earlier, there is no evidence that such a writ was issued. Therefore, there is no genuine issue of material fact for the jury and LDEQ's claim to Boes's interest is inferior to that of the United States.

**B. Whether Plaintiff Should Deposit Funds at Issue in the Registry of the Court**

Plaintiff did not deposit the funds at issue in the registry of the Court. It is the Fifth Circuit's "preferred practice" to require that the stakeholder deposit all of the disputed property in its possession in the registry of the court. *Murphy v. Travelers, Ins.*, 534 F.2d 1155, 1159 (5th Cir. 1976). Plaintiff has filed no opposition contesting this practice in this case. Therefore, Plaintiff shall conform with the practice and deposit the stake in the registry of the court.

**C. Whether Plaintiff is Entitled to Attorney's Fees and Costs**

In his complaint, Plaintiff prays for attorney's fees to be paid from the liquidation proceeds. (Rec. Doc. 1 at 2). This request is denied. "The stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal

6

tax lien." *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1972). Here, the stake is $224,340.09. (Rec. Doc. 1 at 1). The United States' claim to Boes's interest exceeds that amount. Therefore, Plaintiff is not entitled to attorney's fees.

Accordingly,

IT IS ORDERED that the United States' Motion for Summary Judgment is GRANTED. (Rec. Doc. 37).

New Orleans, Louisiana, this 28th day of March, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE